**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **API AMERICAS INC.,**<br><br>    **Plaintiff,**<br><br>    v.<br><br>**PAUL W. MILLER,**<br><br>    **Defendant.** | Case No. 17-2617 |

**MEMORANDUM & ORDER**

This matter comes before the court upon plaintiff API Americas Inc.'s Motion to Dismiss for Failure to State a Claim (Doc. 20). Any response to plaintiff's motion was due by December 18, 2017. Defendant Paul W. Miller has filed no response. The motion is therefore considered uncontested.

**I.    Background**

This case was filed October 23, 2017, alleging breach of contract and other tort claims based on defendant's alleged violation of various contractual agreements with plaintiff. Plaintiff is in the business of designing, manufacturing, and distributing hot stamping foils and other products for companies such as Hallmark. Plaintiff alleges that defendant worked for plaintiff as a Technical Account and Service Manager for over ten years before his voluntary resignation in September 2017. Plaintiff claims that due to his employment, defendant learned confidential and propriety information, including plaintiff's trade secrets. Because of this knowledge, defendant's employment was subject to various contractual agreements, such as confidentiality, non-solicitation, and non-compete agreements.

After his employment with plaintiff ended, plaintiff alleges that defendant emailed himself plaintiff's proprietary information, began working for a direct competitor, and is assisting the competitor compete for work with Hallmark, one of plaintiff's largest customers. Plaintiff filed a

motion for temporary restraining order on October 24, 2015, which the court granted on November 7, 2017. (Doc. 18.)

Plaintiff's motion to dismiss seeks to dismiss defendant's counterclaim for defamation. On November 5, 2017, defendant filed his answer and counterclaim to plaintiff's complaint (Doc. 15). Plaintiff argues in its motion to dismiss, that defendant fails to state a claim because: (1) defendant failed to meet the heightened pleading standard requiring defamation to be plead with specificity; and (2) defendant's defamation claim fails to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) because the statements made by plaintiff are privileged and therefore as a matter of law cannot form the basis of a defamation claim.

**II.  Legal Standards**

A.  Fed. R. Civ. P. 12(b)(6) Motion to Dismiss

The court will grant a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) only when the factual allegations fail to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although the factual allegations need not be detailed, the claims must set forth entitlement to relief "through more than labels, conclusions and a formulaic recitation of the elements of a cause of action." *In re Motor Fuel Temperature Sales Practices Litig.*, 534 F. Supp. 2d 1214, 1216 (D. Kan. 2008).

The allegations must contain facts sufficient to state a claim that is plausible, rather than merely conceivable. *Id.* "All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true." *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009). The court construes any reasonable inferences from these facts in plaintiff's favor. *Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006).

II.  Defamation Claims in Kansas

Under Kansas Law, a defamation claim requires showing "false and defamatory words, communicated to a third person, which result in harm to the reputation of the person defamed." *Hall v. Kan. Farm Bureau*, 50 P.3d 495, 504 (Kan. 2002). At the pleading stage, a defamation claim must meet the requirements of Fed. R. Civ. P. 8(a), providing sufficient notice of the complained of communications. *Heckman v. Zurich Holding Co.*, No. 06-2435-KHV, 2007 WL 677607, at *5 (D. Kan. Feb. 28, 2007). Here, defendant must set forth "the allegedly defamatory words, the communicator of those words, the persons to whom those words were published and the time and place of publication" to survive plaintiff's motion to dismiss.

### III.   Discussion

Defendant's counterclaim makes general assertions that "APO, by and through its officers directors, agents, and/or employees have informed other people that" defendant has taken various actions. (Doc. 15, at 18.) Defendant also alleges that these allegedly false and defamatory statements were then "widely reported to the public at large" via the Kansas City Business Journal. (*Id*. at 19.) Because defendant filed no response to plaintiff's motion to dismiss, he provides no argument supporting his position that these allegations should be considered sufficient. These general allegations are insufficient to put plaintiff on notice of the specific defamatory statements defendant is complaining of in this case. *See, e.g.*, *Heckman*, 2007 WL 677607 at *6 (explaining that generic statements do not provide sufficient details about a defamation claim to put the opposing party on notice).

**IT IS THEREFORE ORDERED** that plaintiff API Americas Inc.'s Motion to Dismiss for Failure to State a Claim (Doc. 20) is granted.

Dated January 5, 2018, at Kansas City, Kansas.

                                          s/ Carlos Murguia  
                                        **CARLOS MURGUIA**  
                                        **United States District Judge**