# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| API AMERICAS, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PAUL W. MILLER, )<br>)<br>Defendant. )<br>)<br>_____) | Case No.: 17-2617-HLT-KGG |

## MEMORANDUM & ORDER ON
## MOTION FOR EXTENSION OF TIME TO SUBMIT DISCOVERY

Defendant Paul W. Miller has filed a motion seeking leave to submit discovery requests past the discovery deadline contained in the Scheduling Order. (Doc. 42.) Having reviewed the parties' submissions, the Court **DENIES** Defendant's motion.

## BACKGROUND

This case was brought against Defendant by his former employer alleging, in part, breach of contract, violation of relevant trade secret acts, tortious interference, and conversion. (*See generally* Doc. 1.) The Scheduling Order lists a fact discovery deadline of April 23, 2018. (Doc. 25, at 5.) Defendant contends that his prior counsel, Curtis Holmes, who has since had his license suspended by the Supreme Court of Kansas, failed to submit written discovery requests to Plaintiff

1

and did not depose Plaintiff's representative. (Doc. 42, at 1.) Holmes's license was suspended on May 4, 2018, and he withdrew as counsel on May 18, 2018. (*Id*.) Defendant's current counsel entered an appearance a week later, on May 25, 2018. (Doc. 38.) The present motion was not filed until four months later.

## ANALYSIS

Defendant brings the present motion pursuant to Fed.R.Civ.P. 6(b)(1)(B) and D. Kan. Rule 6.1, which allows a party to perform an act after the expiration of the relevant deadline upon a showing of "excusable neglect." Because Defendant is attempting to extend an expired deadline from the Scheduling Order, the Court finds that Defendant's argument should be analyzed under the standards of Fed.R.Civ.P. 16(b)(4), which governs modifications of the Scheduling Order. Rule 16(b)(4) mandates that "[a] schedule may be modified only for good cause and with the judge's consent."

> To establish 'good cause' the moving party must show that the scheduling order's deadline could not have been met with diligence. ***Parker v. Central Kansas Medical Center***, 178 F.Supp.2d 1205, 1210 (D.Kan.2001); ***Denmon v. Runyon***, 151 F.R.D. 404, 407 (D.Kan.1993). 'This rule gives trial courts 'wide latitude in entering scheduling orders,' and modifications to such orders are reviewed for abuse of discretion.' ***In re Daviscourt***, 353 B.R. 674, (B.A.P. 10th Cir.2006) (citing ***Burks v. Okla. Publ'g Co.***, 81 F.3d 975, 978-79 (10th Cir.1996)).

***Grieg v. Botros***, No. 08-1181-EFM-KGG, 2010 WL 3270102, at *3 (D.Kan. Aug. 12, 2010). It is well-established in this District that motions to modify a

2

scheduling order focus "on the diligence of the party seeking to modify the scheduling order." *Id*. (citing **Leviton Mfg. Co., Inc. v. Nicor, Inc.**, 245 F.R.D. 524, 528 (D.N.M.2007) (internal citations omitted)).

As stated above, Defendant's prior counsel, whose license was suspended by the Supreme Court of Kansas, failed to submit written discovery requests to Plaintiff and did not depose Plaintiff's representative. (Doc. 42, at 1.) Defendant's current counsel, however, entered an appearance on May 25, 2018 (Doc. 38), **four months** before the present motion was filed (Doc. 42).

There is no valid justification for Defendant waiting until now to file the present motion. The Court acknowledges Defendant's issues with its prior attorney. Even so, as Plaintiff states, Defendant's motion "*entirely fails* to allege any basis for 'excusable neglect' for the critical *four-month* period from May 26, 2018 [since current defense counsel entered an appearance] to September 17, 2018 [when the present motion was filed]." (Doc. 44 (emphasis in original).)

The Court thus finds that Defendant has failed to establish justification to modify the expired discovery deadline in the Scheduling Order. As such, Defendant's motion (Doc. 42) is **DENIED**.

IT IS THEREFORE ORDERED that Defendant's Motion for Extension of Time to Submit Discovery (Doc. 42) be **DENIED** as more fully discussed above.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas, on this 24th day of September, 2018.

                                                     S/ KENNETH G. GALE
                                                   KENNETH G. GALE
                                                   United States Magistrate Judge